IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| **VALERI DILLOW,** | **CIVIL ACTION NO. 3:12-CV-98** |
| **CHIKA GERLADINE AHUNANYA,** | **3:12-CV-99** |
| **ERNEST AKNONWAH,** | **3:12-CV-100** |
| **TABITHA BARRETT,** | **3:12-CV-101** |
| **AMANDA BARTON,** | **3:12-CV-102** |
| **JAMIE BEACHLEY,** | **3:12-CV-103** |
| **CHRISTINE KAMUGA,** | **3:12-CV-104** |
| **NIKKI KENDIG,** | **3:12-CV-105** |
| **DIVINE KUM,** | **3:12-CV-106** |
| **LAVERNE PAULINE WATERS,** | **3:12-CV-107** |
| **SUFYAN TURAY,** | **3:12-CV-108** |
| **VICTORINE NGANG,** | **3:12-CV-109** |
| **NUR MUHAMMED, and** | **3:12-CV-110** |
| **STEPHANIE MITCHELL,** | **3:12-CV-111** |

      Plaintiffs,

**v.**                                                                                               **(JUDGE GROH)**

**CHARLES H. POLK,**
**MOUNTAIN STATE UNIVERSITY, INC.,**
**MOUNTAIN STATE UNIVERSITY BUILDING COMPANY,**
**MOUNTAIN STATE UNIVERSITY FOUNDATION, INC., and**
**MOUNTAIN STATE UNIVERSITY ENDOWMENT FUND INC.,**

      Defendants.

### ORDER GRANTING JOINT MOTION TO REMAND

This matter is currently before the court on the parties' Joint Motion to Remand [Doc. 29] filed on July 25, 2013. The parties move, pursuant to 28 U.S.C. § 1447(c), for an order remanding this case to the Circuit Court of Jefferson County, West Virginia. For the following reasons, the Court **GRANTS** the parties' joint motion to remand.

1

**I. Background**

On August 6, 2012, Plaintiffs, former nursing students at Mountain State University, Inc., filed their Complaints in the Circuit Court of Jefferson County, West Virginia. On August 22, 2012, Defendant Charles H. Polk was served with Plaintiffs' original Complaints. The remaining Defendants Mountain State University, Inc., Mountain State University Building Company, Mountain State University Foundation, Inc., and Mountain State University Endowment Fund, Inc. did not receive service of the original Complaints.

On September 4, 2012, Plaintiffs filed their First Amended Complaints in the Circuit of Jefferson County, West Virginia. Plaintiffs alleged nine causes of action in their Amended Complaints. Plaintiffs' first cause of action arises under the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1692(c) and (d). On September 5, 2012, Defendants Mountain State University, Inc., Mountain State University Building Company, Mountain State University Foundation, Inc., and Mountain State University Endowment Fund, Inc. accepted service of the First Amended Complaints. On September 20, 2012, Defendants filed their Notice of Removal to remove this action to the United States District Court for the Northern District of West Virginia. On December 21, 2012, this Court denied Plaintiffs' motion to remand the case to state court because it had original jurisdiction over Plaintiffs' Count One of their Amended Complaints involving claims under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*

On April 3, 2013, the parties filed a Joint Motion to Stay Proceedings and Refer Cases to Mediation. The parties requested that this Court stay its proceedings and refer the cases to mediation by the Resolution Judges of West Virginia's Mass Litigation Panel, the Honorable Booker T. Stephens and the Honorable Jay M. Hoke. On May 28, 2013, this

Court granted in part and denied in part the parties' motion.  The Court granted a stay in the cases and referred them to mediation.  However, the Court denied the parties' motion to specifically refer the cases to West Virginia's Mass Litigation Panel for mediation because "the Court has no authority to order such action and the Mass Litigation Panel . . . declined to mediate the . . . cases."

On July 1, 2013, Plaintiffs filed their "Motion for Leave to File Amended Complaint." Defendants authorized Plaintiffs to indicate to the Court that they did not object to the amendment of the pleadings, and Defendants did not file a response.  On July 22, 2013, this Court granted the Plaintiffs' Motion to Amend their complaints.  On the same date, Plaintiffs filed their Amended Complaints.  On July 25, 2013, the parties filed a Joint Motion to Remand the case to the Circuit Court of Jefferson County, West Virginia.

## II. Analysis

When an action is removed from state court, a federal district court is required to determine whether it has original jurisdiction over the plaintiff's claims.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by constitution and statute, . . . which is not to be expanded by judicial decree." **Kokkonen v. Guardian Life Ins. Co. of Am.**, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994).  In this case, the Court denied the Plaintiffs' first Motion to Remand because it had federal question jurisdiction under 28 U.S.C. § 1331.  This Court found federal question jurisdiction because Plaintiffs' Count One of their Complains alleged claims arising under the laws of the United States, specifically under 18 U.S.C. § 1962. This Court exercised supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining state law claims.

3

However, on July 22, 2013, Plaintiffs filed their Amended Complaints deleting their claims under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) and (d). The remaining claims are all state law claims. Therefore, this Court is divested of jurisdiction as no federal question claims remain. Additionally, this Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the case lacks complete diversity as required by the statute. Additionally, all parties agree that a remand to the Circuit Court of Jefferson County, West Virginia, is appropriate.

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Because this Court lacks subject matter jurisdiction, it must be remanded. Accordingly, this Court **GRANTS** the parties' Joint Motion to Remand.

### III. Conclusion

For the foregoing reasons, this Court hereby **GRANTS** the parties' Joint Motion to Remand [Doc. 29]. This Court **ORDERS** the case to be remanded to the Circuit Court of Jefferson County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein. The Clerk is also directed to mail a certified copy of the order of remand and a copy of the docket sheet to the clerk of the Circuit Court of Jefferson County, West Virginia.

**DATED**: August 1, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE